UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:21-CR-00070 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| NICOLE POOLE FRANKLIN, | ) | SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

The government, by the undersigned Acting United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for August 19, at 11:00 a.m.

## Table of Contents

I. BACKGROUND ................................................................................................... 2

II. SENTENCING CALCULATION ....................................................................... 3
   A. Statutory Penalties............................................................................................ 3
   B. Sentencing Guidelines Calculation.................................................................. 3

III. GOVERNMENT'S RECOMMENDATION........................................................ 3

Nothing can be more devastating to the American dream of equal rights than the actions of Poole Franklin on a hate filled December 9, 2019 as she callously attempted to run over and kill a 12 year old boy, and a 14 year old girl. Two minors who had done nothing wrong other than innocently walk on a street, and happen to be of a different race and skin color from Poole Franklin. Her actions temporarily shattered, but did not permanently defeat this dream. Because these two courageous victims, and their amazing families, continue to epitomize the hopes of what our society can be. Holding Poole Franklin accountable, not only for her intentional actions, but for the malicious beliefs behind them, is what our justice system should be, and a must to provide just punishment, afford adequate deterrence, and protect the public from further crimes by this defendant.

**I.      BACKGROUND**

On May 6, 2021, the district court accepted Poole Franklin's pleas of guilty to an Information charging two Hate Crimes, both against minor victims, in violation of Title 18, United States Code, § 249(a)(1)(B)(ii). (District Court Docket, hereinafter "DCD," 21.) Under the terms of a written plea agreement, and pursuant to Federal Rule of Evidence 11(c)(1)(B), the parties have agreed to jointly recommend a final sentence of 324 months' imprisonment, to run concurrent with the imposed sentence by the Iowa District Court for Polk County No. FECR334319. (DCD 15.)

The government's objections requested the addition of certain background information on Poole Franklin, and that as a special condition of supervised release, Poole Franklin must not contact the victims, nor the victims' families, directly, indirectly, or through a third person. (DCD 24.) Poole Franklin objected to certain facts in PSR ¶ 8, and the corresponding assessment of criminal history points in ¶¶ 79-80, 89-90. The government agreed with these objections. Defendant further submitted additional facts to ¶¶ 116 and 123. All of these objections and requested additions have been resolved.

## II.   SENTENCING CALCULATION

### A.   Statutory Penalties

The maximum statutory penalty for each count is life imprisonment. The term of supervised release is not more than five years.

### B.   Sentencing Guidelines Calculation

The parties do not object to the calculation of the advisory guideline range in PSR ¶¶ 40-63. This calculation results in a Level 36/Criminal History IV = 360 months' to life imprisonment.

## III.   GOVERNMENT'S RECOMMENDATION

Pursuant to Rule 11(c)(1)(B) and the written plea agreement in this matter, the government recommends a final sentence of 324 months' imprisonment for Poole Franklin. The Court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and

characteristics of defendant. 18 U.S.C. § 3553(a)(1). In considering the advisory Guideline range, and the relevant § 3553(a) factors, this sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The nature and circumstances of this offense were serious, and Poole Franklin's hateful and intentional conduct was directed at multiple people, including the two minor victims. As she drove up over a curb, struck and attempted to kill a 12 year old boy, she also barely missed his older sibling walking alongside him. (PSR ¶ 10.) Minutes later, Poole Franklin drove up over a sidewalk, striking and attempting to kill the 14 year old female victim, failed to stop, and then just drove away. (PSR ¶¶ 11, 12.) After bravely hobbling to a nearby school, the minor female was taken to a hospital and treated for lower body pain, bruises, swelling, scrapes, lacerations, and a concussion. (PSR ¶ 11.) Later that same day, defendant was arrested after police responded to a local convenience store/gas station, where Poole Franklin entered and stuck food items in her pockets, approached an employee at the

counter and when confronted about the concealed items, threw the items at the employee and hurled offensive racial statements towards the employee and nearby customers. (PSR ¶¶ 13, 14.)

When questioned by law enforcement several days later, Poole Franklin stated she saw the female minor victim walking on the sidewalk, and decided to run the minor over because she was Hispanic, was "takin' over . . . our homes, and our jobs" and "wasn't supposed to be in the country." (PSR ¶ 15.) In reference to the 12 year old boy, Poole Franklin stated she ran him over because "he's just like ISIS," and "he's not supposed to be there and he's going to take me out." (PSR ¶ 16.)

Poole Franklin's history and characteristics include designation as a Criminal History IV, with past convictions, starting at age 18, that include multiple misdemeanor and felony level convictions for theft (PSR ¶¶ 66, 67, 68, 69), tampering with a witness or juror (PSR ¶ 71), escape (PSR ¶ 72), assault (PSR ¶73), OWI (PSR ¶74), harassment (PSR ¶75), and trespass (PSR ¶ 77.) Based on some of the same conduct as the federal hate crime, on May 28, 2021, Poole Franklin was sentenced on two counts of attempted murder to concurrent 25 years' state imprisonment, with a mandatory minimum of 17 1/2 years. (PSR ¶ 78.) She has a history of physical and mental health issues (PSR ¶¶ 107-112), and substance abuse (PSR ¶¶ 113-120.)

Considering the Guideline advisory range, and the § 3553(a) factors, the recommended sentence of a concurrent 324 months' imprisonment would result in approximately 10 years additional prison time, on top of the 17 1/2 year mandatory minimum state sentence. We request that the district court impose this sentence.

WHEREFORE, the government prays that the district court consider this sentencing memorandum in determining the final sentence of defendant.

    Respectfully submitted,

    Richard D. Westphal
    Acting United States Attorney

By:  */s/ Richard D. Westphal*
    U.S. Courthouse Annex
    110 East Court Avenue, Suite 286
    Des Moines, IA 50309
    Tel: (515) 473-9300
    Fax: (515) 473-9292
    Email: richard.westphal@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery
__X__ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY

By: /s/ *Richard D. Westphal*
    Acting U.S. Attorney